## OHIO FUEL GAS CO v HOUGH

Ohio Appeals, 6th Dist, Huron Co

No 279. Decided February 15, 1932

Young & Young, Norwalk, for Hough.

G. Ray Craig, Norwalk, Mr. Freeman T. Eagleson, Columbus, and Mr. K. S. Hampton, Columbus, for Fuel Company.

RICHARDS, J.

The difficulty with the claim as above stated is that in the latter portion of the same it ignores the evidence as to whether the gas company knew or, in the exercise of ordinary care, should have known of the dangers existing and have warned Hough of the presence of gas in the pipes and whether the company was negligent in failing to prevent the escape of natural gas from the pipes. The gas company evidently had knowledge that in the operation of the power shovel, pipes had been theretofore broken and the man in charge of the employes of the gas company testified that he gave them directions to keep an eye on the shovel and if anything broke they were to repair it right away. He also testified that he did not want the shovel men to interfere with the broken pipes but that the men working for the gas company were to repair the pipes and that he told the man operating the gas shovel if the pipes were broken he was to notify the gas company men and they would make the repairs. The evidence discloses that the employes of the gas company were present while the grading was proceeding at the place where the shovel was in operation, except at the noon hour. It appears, however, that the employes of the gas company took an hour for lunch at noon and that the employes engaged on the street improvement took only a half an hour, all of which was known to the gas company. The explosion occurred about twelve o'clock, while the gas company employes were eating their lunches some fifty feet from the point of the explosion, although the shovel was still in operation. The pipe from which the gas causing the explosion escaped was broken only a few minutes before Hough drove his dump truck up to be re-loaded and at a time when the gas company employes were eating their lunch.

It was a fair question of fact for the jury whether under all the circumstances the gas company was guilty of negligence proximately resulting in injury to Hough. We can not say, from a careful examination of the evidence, that the verdict in favor of Hough was manifestly against the weight of the evidence.

This court has examined all the alleged errors assigned but finds none to the preju-

dice of the plaintiff in error, for which reasons the judgment will be affirmed.

LLOYD and WILLIAMS, JJ, concur.